**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BYRON CHAPMAN,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>PISMO FOOD STORE; HAN POM CHO;<br>PYONG HUI CHO,<br><br>        Defendants-Appellees. | No.   16-56432<br><br>D.C. No.<br>2:15-cv-02373-SVW-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 6, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, and D.W. NELSON and CHRISTEN, Circuit
Judges.

Byron Chapman appeals the district court's judgment, following a bench

trial, in favor of Defendants. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review a district court's factual findings for clear error, and the standing determination de novo. *Lozano v. A T & T Wireless Servs., Inc.*, 504 F.3d 718, 725 (9th Cir. 2007). We affirm in part and vacate in part.

The district court properly determined Chapman lacked standing to sue. Standing encompasses three elements: (1) the plaintiff must suffer an "injury in fact"; (2) a "causal connection between the injury and the conduct complained of" must exist; and (3) the injury must be "'likely' . . . [to] be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976). In order to obtain injunctive relief under the Americans with Disabilities Act, the plaintiff must establish a "'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Chapman failed to establish a real and immediate threat of future injury through either the deterrence or intent-to-return theory.

Chapman testified at trial that he was not currently deterred from visiting the store. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008) (reasoning that under the deterrence theory, the plaintiff must demonstrate he visited the accommodation on a prior occasion and is "currently deterred" from

2

returning to the accommodation due to architectural barriers). Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037–38 (9th Cir. 2008) (finding a real and immediate threat of future injury where the "plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible" through the regularity of the plaintiff's visits to the area, a stated intent or plan to return to the accommodation, and an explanation of why the plaintiff preferred the accommodation at issue over others).

To the extent that the district court reached the merits of the case after determining Chapman lacked standing to sue, we must vacate that portion of the judgment. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (holding that where a plaintiff lacks Article III standing, an Article III federal court lacks subject matter jurisdiction to hear the case and must dismiss the suit under Rule 12(b)(1)).

**AFFIRMED IN PART; VACATED IN PART.**